IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PAUL E. C.,[1]                                    3:16-cv-01719-BR

    Plaintiff,                            OPINION AND ORDER

v.

COMMISSIONER, Social Security
Administration,[2]

    Defendant.


SARA L GABIN
14523 Westlake Dr.
Lake Oswego, OR 97035
(503) 620-3171

    Attorney for Plaintiff

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties. The same designation will be used to identify nongovernmental family members named in this case.

[2] The official title of the head of the Social Security Administration (SSA) is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to Defendant only as Commissioner of Social Security.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWEI**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JOSEPH J. LANGKAMER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104
(206) 615-2212

      Attorneys for Defendant

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff Paul E. C.'s Motion (#26) for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA) in which he seeks an award of attorneys' fees pursuant to 28 U.S.C. § 2412.

For the reasons that follow, the Court **GRANTS** Plaintiff's request for EAJA fees and **AWARDS** fees of **$5,320.62**.

## BACKGROUND

On November 24, 2014, Plaintiff filed his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act and alleged a disability onset date of April 15, 2010.  His application was denied initially and on reconsideration.  On March 11, 2016, an Administrative Law Judge

2 - OPINION AND ORDER

(ALJ) held a hearing on Plaintiff's application.

On June 2, 2016, the ALJ issued a decision in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. On August 3, 2016, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

On August 15, 2016, Plaintiff filed his Complaint in this Court seeking judicial review of the Commissioner's final decision.

On January 22, 2018, this Court issued an Opinion and Order (#24), reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On April 13, 2018, Plaintiff, as the prevailing party, filed a Motion (#26) for attorneys' fees pursuant to EAJA. Plaintiff seeks attorneys' fees in the amount of $5,320.62, which includes fees for time spent preparing Plaintiff's EAJA application.

## **STANDARDS**

Under EAJA, 28 U.S.C. § 2412(d)(1)(A), a plaintiff may recover attorneys' fees and costs in an action against the United States or any agency or official of the United States if "(1) the party seeking fees is the prevailing party; (2) the government has not met its burden of showing that its positions were

substantially justified or that special circumstances make an award unjust; and (3) the requested [attorneys'] fees and costs are reasonable."  *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009)(citing 28 U.S.C. § 2412(d)(1)(A)).  *See also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

"To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree."  *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009).  "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."  *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified.  *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). See also *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007).  The Commissioner's positions are substantially justified if they are reasonably based in both law and fact.  *Hardistry v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010)(citing *Pierce v. Underwood*, 487, U.S. 552, 556 n.2 (1988)).  The Commissioner's failure to prevail on the merits "does not raise a presumption that his position was not substantially justified."  *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 620 (9th Cir. 2005)(citing *Kali v. Bowen*, 854 F.2d

329, 332 (9th Cir. 1988)).

When the Commissioner opposes a claimant's fee request, she bears the burden to establish that her positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also U.S. v. Real Property at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d 1146, 1151 (9th Cir. 2002). To prevail, therefore, the Commissioner must establish the positions taken in opposition to the claimant's efforts to obtain Social Security benefits both in the proceedings before this Court and in the underlying administrative action were substantially justified. *See Lewis*, 281 F.3d at 1085-86.

The Commissioner's position must be "'justified in substance or in the main,'—that is, justified to a degree that could satisfy a reasonable person." *Gonzales*, 408 F.3d at 618 (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales,* 408 F.3d at 618 (citing *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9th Cir. 1986)).

## DISCUSSION

Plaintiff contends he is entitled to attorneys' fees because the Commissioner's positions were not substantially justified and

5 - OPINION AND ORDER

the ALJ's errors constitute "unreasonable resistance" to awarding Plaintiff disability benefits.

The Commissioner, however, contends it's position was substantially justified because the ALJ offered valid reasons supported by the record for his conclusions.

**I.   The government's position was not substantially justified.**

As noted, the question whether the government's position was substantially justified applies both at the litigation stage and in the underlying agency action (*Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)) and the test for whether the government's position was substantially justified is one of "reasonableness."  *Gonzales*, 408 F.3d at 618.

The ALJ concluded Plaintiff was not disabled on the grounds that (1) Plaintiff's subjective testimony concerning the intensity, persistence, and limiting effects of his alleged symptoms was "not entirely consistent with the medical evidence and other evidence in the record"; (2) the lay-witness opinion of Mary Schalinski, a treating therapist, "was at odds with various treatment records"; and (3) there was not any conflict between the ALJ's determination of Plaintiff's RFC and the lay-witness opinion of David Hitt, a vocational rehabilitation counselor.

Plaintiff, however, contended each of these findings constituted error by the ALJ.  As the record reflects, the Court agreed with Plaintiff and concluded the ALJ erred when he

rejected Plaintiff's testimony regarding Plaintiff's mental-health symptoms.  The Court noted the ALJ's summary of the evidentiary record was "almost bereft of meaningful analysis" regarding Plaintiff's testimony and the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's allegations regarding his mental-health symptoms.  The Court also concluded the ALJ erred when he rejected the opinions of the lay-witnesses and failed to provide legally sufficient reasons supported by substantial evidence for doing so.

In *Thangaraja v. Gonzales* the Ninth Circuit concluded the district court's "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified."  428 F.3d 870, 874 (9th Cir. 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial[,] and probative evidence in the record.'"  *Id.* (quoting *Al-Harabi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)).

In *Meier v. Colvin* the Ninth Circuit concluded the ALJ failed to offer specific and legitimate reasons supported by substantial evidence for rejecting the opinion of a treating physician that the claimant was incapable of working, and the ALJ

7 - OPINION AND ORDER

failed to offer clear and convincing reasons supported by substantial evidence for discounting claimant's subjective pain testimony.  The court, therefore, held the decision by the ALJ as well as the government's position on appeal to the district court were not "substantially justified" and the plaintiff was entitled to an award of attorneys' fees pursuant to EAJA.  727 F.3d 867, 872-73 (9th Cir. 2013).

Although the Commissioner here asserts the ALJ provided valid reasons for discounting Plaintiff's subjective complaints and for rejecting the opinions of the treating providers, this Court already concluded the ALJ failed to do so.

On this record the Court concludes because the Commissioner's position was not supported by substantial evidence, the government's position was not substantially justified.  Accordingly, the Court concludes Plaintiff is entitled to an award of attorneys' fees pursuant to EAJA.

**II. The amount of attorneys' fees Plaintiff seeks is reasonable.**

Plaintiff seeks 2.9 hours at an hourly rate of $192.68 for work performed in 2016 and 24.3 hours at an hourly rate of $195.95 for work performed in 2017.  The government does not object to these hourly rates, and the Court notes the rates are within the statutory cap on hourly rates provided for under the EAJA.

Although the government has not challenged the

reasonableness of the fees sought by Plaintiff, the Court, nonetheless, must determine whether the requested attorneys' fees are reasonable.  28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).  The Court notes other courts have concluded a similar number of hours is reasonable.  *See, e.g., Johnson v. Astrue*, No. 07-CV-2387, 2008 WL 3984599, at *2 (N.D. Cal. Aug. 27, 2008)(57 hours reasonable); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004) (61.1 hours reasonable).  *See* also *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)(citing numerous cases in which district courts have awarded attorneys' fees for 20-50 hours of work performed in challenging denials of Social Security benefits).

On this record the Court concludes the amount of time spent by Plaintiff's counsel in the handling of this matter is appropriate and the fees sought are reasonable.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion (#26)

for an award of attorneys' fees pursuant to EAJA and **AWARDS** fees to Plaintiff in the amount of **$5,320.62.**

IT IS SO ORDERED.

DATED this 31st day of May, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge